IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TODD R. TAYLOR | § | |
| | § | |
| V. | § | CASE NO. 4:11cv164 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Supplemental Security Income ("SSI"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on March 5, 2007, claiming entitlement to disability benefits due diabetes, gout, arthritis, and depression. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Paris, Texas on August 3, 2009. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Talesia Beasley, testified.

On January 27, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on December 7, 2010. Therefore, the January 27, 2010 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

1

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since March 5, 2007, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: diabetes; hypertensive cardiovascular disease; reactive airway disease; and depression. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity to lift and/or carry twenty pounds occasionally and ten pounds frequently; to stand and/or walk for six hours total during an eight-hour workday; and to sit for six hours total during an eight-hour workday. Due to psychologically based factors, claimant has some limitation in the following areas but can understand, remember and carry out simple but not complex instructions; can interact appropriately with the public; and can interact appropriately with supervisors and co-workers. Due to psychologically based factors, the claimant has serious limitations in the following areas but can respond appropriately to usual work situations and to changes in a routine work setting. The undersigned finds the claimant is able to perform less than the full range of "light" work as defined in 20 CFR 416.967(b).

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on September 6, 1965 and was 41 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 5, 2007, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-20).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of

a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to

the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff's first point of error is that the ALJ failed to address the severity of his mental limitations at step 2, particularly his IQ assessment of 69. The ALJ did discuss this, noting that the consulting examiner even questioned the score, given that he had never attended any special education classes. The examiner noted that he had no difficulty in recalling historical events, was able to express himself in a coherent fashion, and was able to react in a common sense manner to situations.

This case did not turn on a finding that Plaintiff's impairments were not severe at step 2. In fact, the ALJ found a number of severe impairments. Here, the ALJ concluded that Plaintiff was not disabled, because despite his severe impairments, he retained the RFC to do other work. Therefore, the ALJ's failure to assess the severity of Plaintiff's IQ limitations as alleged by the Plaintiff is still not a basis for remand. *See Adams v. Bowen*, 833 F.2d 509,512 (5th Cir. 1987) (ALJ's failure to make a severity finding at step two not a basis for remand where ALJ proceeded to later steps of the analysis); *see also Mays v. Bowen*, 837 F.2d 1362,1365 (5th Cir. 1988 (per curiam) ("If the ALJ proceeds past the impairment step in the sequential evaluation process the court must infer that a severe impairment was found.").

Moreover, the Court finds that the ALJ did a thorough analysis in considering Plaintiff's RFC to do other work. In his opinion, the ALJ specifically referenced findings from Plaintiff's mental status evaluations, his global assessment of functioning scores, as well as his treatment records and hearing testimony. The ALJ incorporated the recognized limitations into his determination of

5

Plaintiff's RFC. The ALJ notes that Dr. McGirk's actual mental status findings, which include a 58 GAF, are probative of his ability to work. Plaintiff's first point of error is overruled.

Plaintiff's second point of error is that the ALJ's RFC assessment is not supported by substantial evidence because he failed to consider Plaintiff's ability to maintain employment. Plaintiff argues that his mental impairments cause him to experience limitations in his ability to complete a normal workday and work week without interruptions from psychologically based symptoms or to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. Inherent in the definition of RFC is the understanding that the claimant can maintain work at the level of the RFC. *See Dunbar v. Barnhart*, 330 F.3d 670 (5th Cir. 2003).

There is nothing in the record to indicate that the ALJ did not appreciate an ability to perform work on a regular and continuing basis as inherent in that definition. *Social Security Act, Section 1 et. seq*. 42 U.S.C.A § 301, *et. seq*. Here, the ALJ understood that Plaintiff alleged disability mainly due to depression (Tr. 14). The ALJ found that the MHMR center's treatment records "did not identify any findings that support a finding of marked or major functional limitations," and that "the record as a whole did not record findings establishing marked functional deficits" (Tr. 16). The records considered by the ALJ noted that when Plaintiff was compliant with treatment and medications, his symptoms were quite improved. The State Agency Psychiatrists found that Plaintiff was not significantly limited in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. All this supports the ALJ's RFC determination. The ALJ did a thorough and exhaustive review of the records in reaching his decision, and the Court's review is not to second guess a well reasoned decision. Plaintiff's second point of error is overruled.

Plaintiff's third point of error is that the ALJ relied on an improper hypothetical question to reach his decision at step five. Plaintiff contends that the question did not incorporate all limitations shown of record.

VE testimony based upon a properly phrased hypothetical questions constitutes substantial evidence. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). A hypothetical question is sufficient when it incorporates the impairments and limitations the ALJ has *recognized* to be supported by the record as a whole. *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). In his hypothetical to the VE, the ALJ found that the claimant has some limitations in ability to understand and carry out simple instructions but not complex instructions, interact appropriately with the public, and with supervisors and co-workers. The ALJ determined that he had serious limitations in the ability to respond appropriately to usual work situations and to changes in a routine work setting.

Based upon these recognized limitations, the VE testified and identified other jobs which he could perform. There was substantial evidence to support the ALJ's conclusion based on the limitations which he found to be credible. Plaintiff's third point of error is overruled.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 25th day of July, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE